UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jeffrey Riebe; | ) C/A No. 4:11-1257-TLW-TER |
| Joseph Herron; | ) |
| Joshua Herman, | ) |
| | )          Order |
| Plaintiffs, | ) |
| | ) |
| vs. | ) |
| | ) |
| | ) |
| Horry County, South Carolina; J Ruben Long Dentention | ) |
| Center, | ) |
| Defendants. | ) |
| _____ | ) |

This is a civil rights action filed pursuant to 42 U.S.C. § 1983 by three pre-trial detainees

proceeding *pro se*.  The Complaint challenges conditions at J. Reuben Long Detention Center in

Conway, South Carolina.  The Complaint, signed by each of the three plaintiffs, makes medical

indifference claims, the particulars of which differ among the plaintiffs.

Because Plaintiffs are prisoners, the Prison Litigation Reform Act ("PLRA"), Pub.L. No.

194-134, §§ 801-810, 110 Stat. 1321 (1995), applies to this case.  The screening provision of 28

U.S.C. § 1915A(a) requires review of "a complaint in a civil action in which a prisoner seeks redress

from a governmental entity or officer or employee of a governmental entity" and allows for *sua*

*sponte* dismissal in specified circumstances.  The PLRA placed "some rather substantial limitations

on a prisoner's ability to initiate a civil action." *Green v. Young*, 454 F.3d 405, 406 (4th Cir. 2006).

Upon review, and in applying provisions of the PLRA to this case, the question whether

multiple plaintiffs can proceed in a single case under the PLRA arises.  The PLRA requires prisoners

to pay the full filing fee, although the fee may be paid in installments. 28 U.S.C. § 1915(b); *Green*,

454 F.3d at 407.  The Fourth Circuit has not addressed the issue of payment of fees in a case filed

by multiple plaintiffs subject to the PLRA.  Finding no binding precedent, this court is persuaded

by the reasoning of the Eleventh Circuit in *Hubbard v. Haley*, 262 F.3d 1194, 1197-98 (11th Cir.

2001), which held that multiple prisoners are not allowed to join together in a single lawsuit.

Multiple filing fees cannot be collected for one case filed by multiple plaintiffs, thus the PLRA's

requirement that a prisoner pay the full fee for filing a lawsuit would be circumvented in a multiple

plaintiff case subject to the PLRA.  The *Hubbard* court found that it was appropriate to sever the

claims and require each prisoner to file a separate lawsuit. *Id*. at 1198.

Additionally, a prisoner is required to exhaust administrative remedies prior to filing suit for

civil rights violations. 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison

conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any

jail, prison, or other correctional facility until such administrative remedies as are available are

exhausted.").  Just as payment of one fee may not cover multiple plaintiffs under the PLRA,

exhaustion of administrative remedies by one prisoner does not meet the exhaustion requirement for

all named Plaintiffs.  Each individual Plaintiff is required to comply with the exhaustion

requirement. *See Porter v. Nussle*, 534 U.S. 516, 524 (2002) (exhaustion is required in all actions

brought with respect to prison conditions); *Woodford v. Ngo*, 548 U.S. 81, 85 (2006) (PLRA makes

exhaustion of administrative remedies "mandatory.").

Finally, each plaintiff's claims are unique to the particular plaintiff.  The complaint raises

several claims for relief. Although allegations relating to the general conditions of confinement may

be similar, different factual situations likely exist relating to each plaintiff's circumstance and claim.

Because Plaintiffs' claims will require individualized determinations, the Clerk of Court is directed

to assign separate individual civil action numbers to each of the individual inmates whose signatures

2

appear on the Complaint.  The current case number, C/A No. 4:11-1257-TLW-TER, will be used

for Plaintiff Jeffrey Riebe.  The other two plaintiffs, Joseph Herron and Joshua Herman, will be

terminated from this case, and assigned new, individual case numbers.  The defendants in the new

cases will be the same defendants in the caption of this Order.  The Clerk of Court is authorized to

re-file the Complaint from this case in the new cases and to process the new cases as individual

prisoner civil rights cases. The initial document entries on the docket in the additional cases will be

this Order and the Complaint in this case, and the cases shall proceed to initial review by the United

States Magistrate Judge as required by the Local Rules of this Court.


       **IT IS SO ORDERED**.

s/ Terry L. Wooten<br>
Terry L. Wooten<br>
United States District Judge

June 6, 2011
Florence, SC