| | |
|---|---|
| Joshua Herman, | ) C/A No. 4:11-1378-TLW-TER |
| | ) |
| Plaintiff, | ) |
| | ) Report and Recommendation |
| vs. | ) |
| | ) |
| | ) |
| Horry County, South Carolina; | ) |
| Center; Deborah Hipp; Phillip Thompson; | ) |
| Harold Worley; Brent Schultz; Marion Foxworth; | ) |
| Gary Loftus; Paul Prince; Bob Grabowski; | ) |
| James Frazier; Carl Schwartzkopf; W. Paul Prince; | ) |
| Jody Prince; Al Allen; Tom Rice; Tom Fox, | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

Plaintiff Joshua Herman ("Plaintiff") filed this case pursuant to 42 U.S.C. § 1983[1] on June 6, 2011. On April 13, 2012, Defendants filed a motion to dismiss pursuant to Rule 41(b) of the Federal Rules of Civil Procedure asserting that their attempt to serve Plaintiff with a copy of materials have been unsuccessful and said mailing was returned as undeliverable. (Doc. #76). Defendants also assert that they have not received any further correspondence from the Plaintiff that would reflect a new address for service and is, therefore, unable to communicate with the Plaintiff or serve him with copies of any documents filed with this court. Id.

Because Plaintiff is proceeding pro se, he was advised on or about April 16, 2012, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), of the procedure for motion to dismiss and the possible consequences if he failed to respond adequately. The Roseboro Order was returned to

---

[1] Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

the Clerk of Court's office via United States Postal Service on April 26, 2012, marked "Return to Sender."(Doc. #84). The Clerk of Court's office attempted to re-mail orders to the Plaintiff on two separate occasions. (See doc. entries # 88 and #93). In fact, Plaintiff's mail has been returned to the Clerk of Court's office via United States Postal Service as undeliverable since October 21, 2011. Plaintiff has not responded to the motion or provided the court with an updated address since August 1, 2011. (Doc. #27). [2]

## A. RULE 41(B) DISMISSAL

A complaint may be dismissed pursuant to Rule 41 (b) of the Federal Rules of Civil Procedure for failure to prosecute and/or failure to comply with orders of the court. Ballard v. Carlson, 882 F.2d 93 (4th Cir. 1989), cert. denied 493 U.S. 1084 (1990) and Chandler Leasing Corp. v. Lopez, 669 F.2d 919 (4th Cir. 1982). In considering whether to dismiss an action pursuant to Rule 41(b), the court is required to consider four factors:

(1)    the degree of Plaintiff's responsibility in failing to respond;

(2)    the amount of prejudice to the Defendant;

(3)    the history of the Plaintiff in proceeding in a dilatory manner; and,

(4)    the existence of less drastic sanctions other than dismissal.

Davis v. Williams, 588 F.2d 69 (4th Cir. 1978).

In the present case, the Plaintiff is proceeding pro se so he is entirely responsible for his actions. It is solely through Plaintiff's neglect, and not that of an attorney, that no responses have

---

[2] An Order was issued on June 17, 2011, directing the Plaintiff to "always keep the Clerk of Court advised in writing" if his address changed for any reason or his case may be dismissed. (Doc. #12).

been filed. Plaintiff has not responded to Defendants' motion to dismiss or the court's order requiring him to respond. The undersigned concludes the Plaintiff has abandoned this lawsuit. It appears there are no less drastic sanctions available. Accordingly, it is recommended that Defendants' motion to dismiss (Doc. # 76) be granted and this action dismissed pursuant to Fed. R. Civ. Proc. 41(b).

## CONCLUSION

As set out above, a review of the record indicates that the Plaintiff's complaint should be dismissed for failure to prosecute. It is, therefore,

RECOMMENDED that Defendants' motion to dismiss (doc. #76) be GRANTED and Plaintiff's complaint be dismissed for failure to prosecute pursuant to Fed. R. Civ. Proc. 41(b) with prejudice.

It is FURTHER RECOMMENDED that any other outstanding motions be deemed MOOT.

Respectfully submitted,

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

Florence, South Carolina
July 13, 2012

**The parties' attention is directed to the important information on the attached notice.**
.